Young, J.
(concurring). I concur with the majority’s decision in this case to the extent that it offers a sensible construction of MCL 691.1402a, upon the interpretation of which I believe reasonable minds can differ. However, I write separately for two purposes. First, I wish to set forth a plausible alternative interpretation that the Legislature very well could have intended when drafting MCL 691.1402a. And second, to the extent that the majority opinion in this case has adopted an incorrect interpretation of this statute, I urge the Legislature to clarify its intent with regard to the scope of the “two-inch rule” of the highway exception to governmental immunity.
This case requires that we determine whether the two-inch rule of MCL 691.1402a(2) is limited in application to county highways like the liability created elsewhere in that statute, or whether the rule may apply generally to all sidewalks that abut any public roadway. Generally, MCL 691.1402(1) requires a municipality to “maintain” its highways in reasonable repair, and this includes sidewalks.[1] However, MCL 691.1402a, which is divided into three separate subsections, further clarifies this duty.[2] There is no dispute *24 that the plain language of MCL 691.1402a(l) provides the standard under which a municipal corporation will be liable with respect to sidewalks abutting county highways. There is further no dispute that MCL 691.1402a(3) explicitly refers back to MCL 691.1402a(l) to provide a particular exception to the liability created in that subsection, and thus by direct reference is also limited in application to county highways. The present dispute concerns only whether the rebuttable inference for discontinuity defects of less than 2 inches in MCL 691.1402a(2) is limited to county highways like the liability created in subsections (1) and (3), or whether MCL 691.1402a(2) applies generally to sidewalks abutting any public roadway within a municipal corporation’s jurisdiction. Plaintiff, who was injured on a sidewalk abutting a state trunk line highway, has advanced an interpretation adopted by the majority whereby the two-inch rule is limited in application to injuries that occur on county highways. Defendant *25 conversely advances an interpretation providing for the broadest application of the two-inch rule when defending against this type of lawsuit.
The majority concludes that plaintiff has the stronger position in this case and provides a reasonable and text-based analysis in support, utilizing well established canons of statutory construction. I join that decision, yet I am not wholly convinced that the Legislature intended to create a distinction between county and non-county highways when codifying the two-inch rule of MCL 691.1402a(2).[3] Accordingly, I am setting forth here several considerations that support an alternative legislative intent.
First and foremost, MCL 691.1402a(2) itself does not expressly contain a limitation to county highways. In this sense, MCL 691.1402a(2) is clear: without a reference to county highways, we should be hesitant to impute language to MCL 691.1402a(2) that the Legislature did not use. This could represent a specific omission by the Legislature, and words excluded from a statute — particularly when used elsewhere in the statute — must be presumed to have been excluded for a specific purpose.[4]
*26 Structurally, MCL 691.1402a contains three separate subsections, all of which may stand independently and need not necessarily be read together. These subsections are not joined together by an introductory paragraph that would clearly indicate that they all encompass the same limitation — that is, application to county highways. In this way, MCL 691.1402a may logically be read as a compendium of highway liability rules. If that is the case, limitations in one subsection should not be read into another subsection absent explicit commands to do so. Unlike MCL 691.1402a(3), in which the Legislature provided an explicit command to read that subsection subject to the limitations of MCL 691.1402a(l), there is no such command that limits the application of MCL 691.1402a(2) to the subject matter of MCL 691.1402a(l). Recognizing that separate subsections of a statute may have independent significance does not offend the canon of construction that statutory provisions are to be read in the context of that which surrounds them. [5]
Additionally, neither the syntax employed by the Legislature nor rules of grammar necessarily compels the majority’s interpretation. As the majority correctly notes, the Legislature’s varied use of definite versus indefinite articles in a statute requires that those articles be accorded their grammatically correct meanings.[6] The definite articles in MCL 691.1402a(2) in the phrases “the municipal corporation” and “the highway” *27 must refer to a specific antecedent. The majority quite reasonably believes that these definite articles in MCL 691.1402a(2) refer back to the indefinite modification of “defect” and “municipal corporation” in MCL 691.1402a(l). However, this is not necessarily so: the definite articles used in MCL 691.1402a(2) may logically refer to an earlier noun modified indefinitely in MCL 691.1402a(2) itself — “a discontinuity defect.” Under this reading, the phrases “the municipal corporation” and “the highway” refer back to the specific corporation and highway relating to the indefinite “discontinuity defect” at the beginning of MCL 691.1402a(2). This indefinite defect does not necessarily refer back to “the defect” (in county highways) discussed in MCL 691.1402a(l). Thus, the uses of the definite article “the” may not have been intended to refer to a defect mentioned in a previous subsection, but instead could have been utilized because the use of indefinite articles at this point would simply not make grammatical sense.[7]
I believe that these considerations, taken together, evidence a legitimate contention that MCL 691.1402a(2) neither explicitly subjects itself to the county highway *28 limitation nor implicitly relies on this limitation in order to make logical sense. Yet while this analysis represents a separate plausible understanding of MCL 691.1402a(2), ultimately I am fairly convinced by the majority’s interpretation that MCL 691.1402a is best understood as a seamless whole that applies to county highways, the separate provisions of which work better in concert than contrast. Thus, I concur in the majority opinion, but would call the Legislature to action if this Court has reasonably, yet mistakenly, limited the scope of the two-inch rule when construing the provisions of MCL 691.1402a.

 MCL 691.1401(e).

 MCL 691.1402a provides:
(1) Except as otherwise provided hy this section, a municipal corporation has no duty to repair or maintain, and is not liable for injuries arising from, a portion of a county highway outside of the improved portion of the highway designed for vehicular travel, *24 including a sidewalk, trailway, crosswalk, or other installation. This subsection does not prevent or limit a municipal corporation’s liability if both of the following are true:
(a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel.
(b) The defect described in subdivision (a) is a proximate cause of the injury, death, or damage.
(2) A discontinuity defect of less than 2 inches creates a rebuttable inference that the municipal corporation maintained the sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel in reasonable repair.
(3) A municipal corporation’s liability under subsection (1) is limited by section 81131 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.81131.

 The practical effect of this decision creates a rale whereby municipalities have the benefit of a statutory inference that somewhat arbitrarily depends on whether a plaintiffs slip and fall occurred on a sidewalk abutting a county highway or a state trank fine highway. I recognize that it is certainly within the province of the Legislature to create such a rule, and this Court enforces that intent, even if an unusual outcome results. See Lansing Mayor v Pub Service Comm, 470 Mich 154, 161; 680 NW2d 840 (2004). Yet the “arbitrariness” of where the rule applies under the majority’s interpretation suggests that the Legislature may have intended no such limitation of the rule.

 See Farrington v Total Petroleum, Inc, 442 Mich 201, 210; 501 NW2d 76 (1993). It is axiomatic that this Court does not read words into a statute that the Legislature has excluded. Byker v Mannes, 465 Mich 637, 646-647; 641 NW2d 210 (2002).

 See, e.g., Griffith v State Farm Mut Automobile Ins Co, 472 Mich 521, 533; 697 NW2d 895 (2005); Lansing Mayor, 470 Mich at 167-168.

 A comparison of the definitions for “a” and “the” in Black’s Law Dictionary notes:
[A.] The word “a” has varying meanings and uses. “A” means “one” or “any,” but less emphatically than either....
*27 The. An article which particularizes the subject spoken of. “Grammatical niceties should not be resorted to without necessity; but it would be extending liberality to an unwarrantable length to confound the articles ‘a’ and ‘the’. The most unlettered persons understand that ‘a’ is indefinite, but ‘the’ refers to a certain object.” [Black’s Law Dictionary (5th ed) (emphasis added).]

 For example, it would he nonsensical (or, at least, make less sense) for the statute to read: “A discontinuity defect of less than 2 inches creates a rebuttable inference that a municipal corporation maintained the sidewalk ... outside the improved portion of a highway... in reasonable repair.” There would he no reason for the drafter to use the italicized indefinite articles here. By this point, MCL 691.1402a(2) is not referring to any municipal corporation or any highway; rather, it is a definite municipality that has definite control over a particular highway with the defect.